UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

Case No.

ZAMBERG CORP.

Plaintiff

vs.

UVATION, INC.

Defendant.
______________________________________/

**COMPLAINT**

Plaintiff, ZAMBERG CORP. ("Zamberg"), through undersigned counsel, sues UVATION, INC., ("Uvation") for damages and/or specific performance. In support of this Complaint, Plaintiff alleges:

**NATURE OF THE ACTION**

This is an action Zamberg against Uvation pursuant to this Court's diversity jurisdiction for damages for breach of contract by due to Uvation's failure to perform its contractual obligations to Zamberg by failing to deliver 197 units of GPUs for datacenter hardware for which Uvation was fully paid by Zamberg. These units have been discontinued by the manufacturer and as such it is extremely difficult if not impossible to reacquire on the marketplace. As a result of Uvation's breach of contract, Zamberg has suffered damages, including the price paid for the units, loss of profits, and other consequential damages. More importantly however, Zamberg asks this Court, due to the unique nature and specifically identifiable nature of the goods being held by Uvation for which Zamberg already paid, to order specific performance of the contract.

## JURISDICTION AND VENUE

1. Jurisdiction over this action is pursuant to 28 U.S.C. Sec. 1332 as the parties are corporations incorporated in and citizens of different states with their principal places of businesses in different states from each other. The amount in controversy is in excess of $75,000 exclusive of fees and costs. In addition, pursuant to its commercial and reseller terms and conditions, Uvation has agreed to the exclusive jurisdiction of the state and federal courts of Texas.

2. Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391(d) as the corporate defendant has agreed to and is subject to the personal jurisdiction in the federal courts of Texas, without regard to district. In addition, the corporate defendant is deemed to reside in any district within the State of Texas where its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state. Uvation's contacts with this District are sufficient to so subject it to the personal jurisdiction, and the defendant has agreed to personal jurisdiction in the federal courts in the State of Texas.

## PARTIES

3. Plaintiff is a corporation incorporated in the State of Florida with its principal place of business in Palm Coast, Florida, and is a distributor of various products including electronics for data centers.

4. Defendant is a corporation incorporated in the State of Nevada with a principal place of business in the State of Texas in Dallas. Defendant is a distributor of electronics.

## FACTS COMMON TO ALL COUNTS

5. On or about August 14, 2025, Zamberg ordered a total of 287 units of Dell Nvidia H100 NVL GPUs for a total sum of $6,211.254.00, with an applied credit balance in Zamberg's favor making a total sum of $5,844,504.00. This order was accepted by Uvation as evidenced

by its commercial invoice No. 152986 directed to Zamberg attached as Exhibit 1.

6. Zamberg caused wire transfers to be executed to fully pay Uvation's invoice no. 152986 on or about August 22, 26 and 28, 2025. Uvation received the funds on or about those dates.

7. Uvation shipped during multiple occasions a total of approximately 115 units of the Dell Nvidia H100 NVL GPUs from this purchase order pursuant to Zamberg's instructions. However, 15 units were rejected, and as such Uvation still owes Zamberg 15 units in replacement, for a total of 197 units from this order.

8. There remains 197 units from Zamberg's purchase order and Uvation's commercial invoice attached as Exhibit A which remain in Uvation's possession, custody or control.

9. Zamberg has made repeated demands on Uvation to ship the remaining units in the order to destinations ordered by Zamberg, but Uvation has refused to do so, despite having been fully paid for the product at issue.

10. Uvation informed Zamberg that the Nvidia H100 NVL GPUs were being discontinued effective October 1, 2025, incentivizing Zamberg to make the purchase from Uvation.

11. The H100 NVL 94GB is a specialized configuration designed by NVIDIA specifically for large language model inference and deployment. Unlike the standard H100 80GB SXM platform, the H100 NVL provides 94GB of HBM3 memory per GPU, higher memory bandwidth, a PCIe form factor, and the ability to operate as a dual-GPU 188GB NVLink platform. These characteristics made it particularly attractive for customers deploying large AI models where GPU memory capacity was often the limiting factor. NVIDIA specifically markets this product for enterprise generative AI and LLM deployments. Zamberg's customers had already designed and validated their infrastructure around the H100 NVL and continue to require that exact model and configuration.

12. There are no legal impediments to Uvation performing the agreement of the parties as evidenced by the commercial invoice attached as Exhibit 1. Uvation has articulated no reasons for failing to deliver the balance of the units ordered and paid for by Zamberg which are in its inventory.
13. All conditions precedent to bringing this action have been performed or otherwise excused.

**COUNT I**
**Breach of Contract**

14. Plaintiff realleges paragraphs 1-13 herein as if fully set forth herein and incorporated.
15. Plaintiff entered into an agreement with Defendant for the supply of certain goods as reflected in the commercial invoice issued by Defendant to Plaintiff attached as Exhibit 1.
16. Plaintiff fully performed under the agreement by making full payment for the invoice.
17. Defendant breached its agreement by failing to deliver the product to Plaintiff despite Plaintiff having made demand for performance of the agreement by Defendant, and Plaintiff having fully performed its obligations under the agreement.
18. As a direct result of Defendant's breach, Plaintiff has suffered damages, including the monied paid by Plaintiff for the product, lost profits, and consequential damages pursuant to Tex. Bus. & Com. Code Secs. 2.711, 2.713 and 2.715.
19. Because the goods are unique and specifically identified and in Uvation's possession, Zamberg requests that this Court order specific performance of the contract pursuant to Tex. Bus. & Com. Code Sec. 2.716 as it may not have an adequate remedy at law and monetary damages are inadequate due to the uniqueness of the goods and the fact that they have been discontinued.

WHERFORE, Plaintiff demands judgment for

a. damages, lost profits, consequential damages, costs, prejudgment interest and

whatever other relief the Court deems just and proper, or

b. specific performance of the contract between the parties.

**COUNT II**

**Replevin under Tex. & Bus. Com. Code Sec. 2.716**

20. Plaintiff realleges paragraphs 1-13, 15-17 herein as if fully set forth herein and incorporated.

21. Pursuant to Tex. Bus. & Com. Code Sec. 2.716, a buyer has a right of replevin for goods identified to the contract if after reasonable effort he is unable to effect cover for such goods or if the circumstances reasonably indicate that such effort will be unavailing.

22. Plaintiff has made a reasonable effort to effect cover for such goods but since they have been discontinued, such cover is unavailing.

23. Monetary damages are inadequate to compensate Plaintiff due to the unique nature of the goods and due to the fact that they have been discontinued by the manufacturer.

24. Plaintiff demands that Court order a Replevin of the goods pursuant to Tex. Bus. & Com. Code Sec. 2.716 and whatever other relief the Court deems just and proper.

Dated: August 10, 2026.

Respectfully Submitted,

**BECERRA LAW, P.A.**

*/s/ Robert J. Becerra*
Robert J. Becerra, B.C.S.
Florida Bar No. 856282
Counsel for Plaintiff
75 Valencia Avenue
Suite 800
Coral Gables, Florida 33134
Tel: 305-375-0112
E-mail: rbecerra@rjbecerralaw.com