UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION
JUDGE SEAN D. JORDAN

**STANDING ORDER ON MOTIONS TO SEAL IN CIVIL CASES**

This Order is intended to ensure that the Court complies with governing law on the presumption of public access to judicial proceedings and records, and the requirements for permitting any document submitted to the Court to be filed or kept under seal. Section A summarizes the legal standard that applies to motions to seal documents submitted to the Court. Parties should be familiar with this standard before seeking leave to file materials under seal. Section B sets out the specific procedures that parties must follow when seeking leave to file materials under seal in civil cases before this Court, and supplements Local Rule 5(a)(7). This Order applies only to the filing of documents under seal in civil cases before Judge Sean D. Jordan.

**A. Legal Standard**

"Providing public access to judicial records is the duty and responsibility of the Judicial Branch." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) (internal quotation marks and citation omitted). Such records "belong to the American people; they are public, not private, documents." *Id.* With these principles in mind, the Fifth Circuit has instructed courts to be "ungenerous with their discretion to seal judicial records." *Id.* at 418; *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022) (explaining that the Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record"). When

presented with a motion to seal, courts must consider and protect the public's "common law right to inspect and copy judicial records." *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (cleaned up). "This right promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness, and serves as a check on the integrity of the system." *Id.* (cleaned up).

The public's common-law right is not absolute, however, and the presumption of public access can be rebutted by "compelling countervailing interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 421. Thus, courts must "undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 419 (cleaned up); *see also DePuy Synthes Prods., Inc. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1369 (Fed. Cir. 2021) ("[The Federal Circuit] appl[ies] regional circuit law in determining the applicable [sealing] standard," which is "substantially the same across circuits: the parties seeking confidentiality must present a strong justification to overcome the presumption of public access."). This balancing should include a "consideration of less drastic alternatives" to sealing entire documents. *Binh Hoa Le*, 990 F.3d at 420. For example, where the movant's interests can be protected by redacting portions of a document, rather than sealing the entire document, courts generally favor redaction as a less drastic alternative. *See, e.g., Mach Flynt Inc. v. Veritiv Operating Co.*, No. 2:24-CV-01444, 2025 WL 56333, at *2 (W.D. La. Jan. 9,

2025) (refusing to seal an entire contract where confidential pricing information appeared only in an appendix to the contract).

Litigants should understand that the standard for filing material under seal in the judicial record is not the same as the standard for designating that material as "confidential" under a protective order. "That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*." *June Med. Servs.*, 22 F.4th at 521 (emphasis in original). The Fifth Circuit has admonished that "courts are duty-bound to protect public access to judicial proceedings and records," a duty that is all too "easy to overlook" in the context of stipulated sealings, and that it is inappropriate to "presume[e] that whatever satisfies the lenient protective-order standard will necessarily satisfy the stringent sealing-order standard." *Binh Hoa Le*, 990 F.3d at 417–18.

**B. Procedures**

A movant seeking leave to file materials under seal must file three documents, separately and in the following order:

1. **Motion to seal (filed under seal).** The motion must address the legal standard governing motions to seal, as summarized in Section A above. That is to say, it must include a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure. In so doing, the motion should list each separate proposed redaction—i.e., each discrete span of text or other material that the movant seeks to redact—and demonstrate that redaction of such material is authorized under controlling precedent.

   If the party seeks to seal an entire document, it must explain why redacting portions of that document would not suffice to protect its interests.

**The seal motion need not attach a proposed order.** However, if a proposed order is attached, it should reference each separate proposed redaction on the list by number.

2. **Sealed, unredacted version of the document(s) sought to be sealed.** At the time the seal motion is filed, the movant should separately file, under seal, an unredacted version of the document(s) sought to be sealed.

3. **Public (non-sealed), redacted copy of the document(s) sought to be sealed.** At the time the seal motion is filed, the movant should also separately file a redacted version of the document(s) sought to be sealed. Only that material alleged to be sealable should be redacted. Each redaction must correspond to the listed items in the seal motion.

In the unusual circumstance that a party seeks to seal an entire document, the party need not file the third document (a public, redacted copy). In all other circumstances, failure to file the third document will result in the first two documents being stricken.

This Order supersedes Local Rule CV-5(a)(7)(E) for the filing of any sealed document in this Court. A movant's failure to address and comply with the legal standard governing motions to seal, as summarized in Section A above, will result in the motion to seal being denied and the sealed document(s) being stricken.

**So ORDERED and SIGNED this 15th day of December, 2025.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE